IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MILTON JAMALL WINCHESTER, | * | |
| Petitioner, | * | CASE NO. 1:05-CV-33 WLS |
| | | 28 U.S.C. § 2255/Mandamus |
| VS. | * | |
| UNITED STATES OF AMERICA, | * | RE: CASE NO. 1:03-CR- 30 |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Winchester was indicted in this court on August 21, 2003, for Sale/Distribution of Narcotics in violation of 21 U.S.C. § 841(a) in Count One and for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g) and § 924(e)(1) in Count Two. (R-1). On January 21, 2004, Petitioner Winchester entered into a Plea Agreement with the Government in which he agreed to plead guilty to Count Two of the Indictment in exchange for Count One being dismissed. The Plea Agreement enumerated Petitioner's prior felony and drug convictions in 2002, but made no reference whatsoever to any pending State criminal prosecutions against Petitioner. (R-15, ¶ 7). In Paragraph 4(A) of the Plea Agreement the Government stipulated:

> The United States Attorney will accept the plea of guilty by Defendant as provided in Paragraph 3, above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against Defendant.

In Paragraph 6 of the Plea Agreement, Defendant Winchester stipulated:

> This agreement constitutes the entire agreement between Defendant and the United States, and no other promises or indictments have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(R-15 at p.7).   The District Court was cognizant of the Superior Court of Dougherty County, Georgia having filed a felony charge or charges against Petitioner Winchester as early as October 16, 2003, when the District Court issued its Order directing the U.S. Marshal to file a detainer against Defendant Winchester "in the event the charges against him in the Superior Court of Dougherty County are dismissed or that if bond is set and made, this defendant will be returned to Federal custody." (R-10).  Apparently, Petitioner Winchester was at that time in the custody of Dougherty County.  The District Court issued a Writ of Habeas Corpus ad Prosequendum for Petitioner Winchester on December 12, 2003.  (R-11).

The District Court accepted Petitioner Winchester's Plea Agreement (R-15), and sentenced him on April 27, 2004, to a term of 137 months imprisonment for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g) and § 924(e)(1).  (R-21). This Sentence and Judgment in Petitioner's Federal Criminal Case makes no reference to any pending State criminal prosecution against Petitioner Winchester, nor does it make any

reference to *concurrent* or *consecutive* service of the federal sentence. At the time of imposition of this sentence, Petitioner Winchester was under no other sentence.

On September 13, 2004, in State Criminal Action No. 03-R-1199, Petitioner Winchester was sentenced in the Superior Court of Dougherty, Georgia upon a negotiated plea of guilty to Robbery By Intimidation to a State term of imprisonment of eight (8) years, with the Superior Court's special proviso that the "sentence shall be served Concurrent with FEDERAL SENTENCE." (See attached Dougherty Superior Court sentence). However, the Georgia Department of Corrections did not return Defendant Winchester to Federal custody for the service of his federal sentence, but retained him for service of his State sentence.

On March 28, 2005, Petitioner Winchester filed in this court a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 alleging:

> My attorney Mark L. Pickett failed to adhere to the 137 months sentenced by the Federal Courts, which is precedent over the agreed upon sentence of 96 months or 8 years for the State under the "Alford Plea", acknowledged and agreed upon by "all" principals concerning my "State Case" being run concurrent.

Petitioner Winchester does not seek to vacate, set-aside or correct his federal sentence, rather he seeks a return to Federal custody to have his sentences run concurrently as intended by the Dougherty County Superior Court Judge. Petitioner Winchester has no claim of ineffective assistance of his federal counsel, because the State Court's expressed intent to have Petitioner's later State sentence run concurrently with his federal sentence is not binding upon the federal authorities. Petitioner has failed to state a cognizable § 2255 claim. 28

3

U.S.C. § 2255; *see also McCarthy v. Doe,* 146 F.3d 118 (2nd Cir. 1998).

Petitioner's problem is that, because the Georgia Department of Corrections retained custody of Petitioner Winchester rather than returning him to Federal custody, his federal sentence has never commenced.

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). As Petitioner realizes, he is not receiving concurrent credit for service of his federal sentence. However, his remedy is not in a § 2255 Motion to vacate his federal sentence. Title 18, U.S.C. § 3584(a) provides:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

The *McCarthy* Court held that the presumption of the last sentence of § 3584(a) must be read in light of the limiting language of the beginning of the section. "As defendant was neither subjected to multiple terms of imprisonment at the same time nor was he already subject to his state sentence when his federal sentence was imposed, the presumption that terms of imprisonment imposed at different times run consecutively does not apply to him." . . . [W]here the sentence in question is imposed prior to another sentence, the sentencing judge by definition cannot know what sentence will be imposed. Indeed, the judge may not

4

even know that criminal charges will be brought, or that they will result in conviction." *Id.* at 121-22. This is exactly Petitioner Winchester's situation. The District Judge in his April 2004 sentence was silent as to the concurrent or consecutive character of his sentence because Petitioner Winchester had not yet been convicted or sentenced in the State Court. When he was convicted and sentenced in September 2004 in the Superior Court of Dougherty County, the Superior Court Judge expressly ordered his sentence to be served concurrently with his federal sentence.

While this exact question has not been addressed in this Circuit, the Second and Third Circuits hold that the Bureau of Prisons has the discretion to order concurrency where the Federal sentence was imposed before the State sentence and the state judge clearly intended the sentences to be served concurrently. *Barden v. Keohane,* 921 F.2d 476, 481-82 (3rd Cir. 1991); *McCarthy v. Doe,* 146 F.3d 118 (2nd Cir. 1998); *see* 18 U.S.C. § 3621(b). These factual circumstances cannot be distinguished from Petitioner Winchester's.

Petitioner Winchester's remedy is to petition the Bureau of Prisons under the foregoing authority to designate his present State confinement as the place of imprisonment for service also of his federal sentence so long as he is in State confinement, thereafter to serve the remainder of his federal sentence at such other place of designation as shall be made by the Federal Bureau of Prisons pursuant to 18 U.S.C. § 3621(b).

The *McCarthy* Court held at page 123 that:

> In a case such as this, [] where § 3584(a) does not apply, the
> Bureau should exercise its discretion under § 3621(b) to review

Petitioner's request for *nunc pro tunc* designation.

WHEREFORE, IT IS RECOMMENDED that Petitioner Winchester's Motion To Vacate, Set Aside, or Correct his Sentence be DENIED with direction that he exhaust his administrative remedies with the Bureau of Prisons as suggested above.   Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may file and serve written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 13th day of June 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE